**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5071**

───────────

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

RACHELE LANEE BROWN,

     Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:11-cr-00047-1)

───────────

Submitted:  March 23, 2012    Decided:  April 6, 2012

───────────

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, William Bryan King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rachele Lanee Brown pled guilty pursuant to a plea agreement to conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006), and was sentenced to fifteen months in prison. Counsel has filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that "because of the appeal waiver provision in Brown's plea agreement, there appears to be no meritorious ground for appeal." Counsel nonetheless identifies as a possible issue for this court's review whether Brown's fifteen-month sentence is reasonable in light of the purposes of sentencing set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011). Brown has not filed a pro se supplemental brief despite receiving notice of her right to do so. The Government moves to dismiss the appeal based on the appellate waiver in Brown's plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Brown voluntarily and knowingly waived her right to appeal her sentence. Thus, we conclude that the waiver is valid and enforceable.

However, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Moreover, the appellate waiver in Brown's plea agreement did not waive: (1) any challenges she may have if her sentence were above the Guidelines range associated with the adjusted offense level determined by the district court, prior to consideration of acceptance of responsibility or any departure or variance; (2) ineffective assistance of counsel claims; or (3) any claims Brown may have pertaining to her conviction. Brown's sentence is below the Guidelines range associated with her unreduced adjusted offense level and, thus, she raises no claims that fall outside the scope of her appellate waiver.

Accordingly, we grant the Government's motion to dismiss the appeal as to Brown's sentence. Although we are charged under Anders with reviewing the record for unwaived

3

error, we have reviewed the record in this case and have found no unwaived meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Brown, in writing, of her right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

4